

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| MICHAEL R. TUNEBERG and ) | CASE NO. 11-80629-G3-13 |
| MARIAN J. TUNEBERG, ) | |
| ) | |
| Debtors, ) | |
| ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Debtors' Objection to Mortgagee's Notice of Post-petition Mortgage Fees, Expenses, and Charges Filed by the Bank of New York Mellon Trust Company, NA" (Docket No. 58). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the objection, without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Michael R. Tuneberg and Marian J. Tuneberg ("Debtors") filed a voluntary joint petition under Chapter 13 of the Bankruptcy Court on December 1, 2011. William E. Heitkamp is the Chapter 13 Trustee.

On March 16, 2012, The Bank of New York Mellon Trust Company, National Association, as Trustee, fka The Bank of New

York Trust Company, N.A., as Trustee, as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2004RS5 ("Claimant") filed a proof of claim, in the amount of $133,815.04.  The proof of claim indicated that the claim was fully secured by real property located at 2826 Wood Hollow Drive, League City, Texas, and that the claim included a prepetition arrearage of $17,627.52.  The proof of claim directed that payments be made to GMAC Mortgage.

On April 12, 2012, Debtors filed an amended plan providing in pertinent part for payment of the $17,627.52 arrearage, over 31 months.  (Docket No. 52).  The plan was confirmed, by order entered on April 16, 2012.  (Docket No. 55).

On June 12, 2012, Claimant filed a "Notice of Postpetition Mortgage Fees, Expenses, and Charges" (Docket No. 57).  In its notice, Claimant asserts it incurred $400 in attorney fees on January 3, 2012 for objecting to the plan, and $50 in attorney fees on June 4, 2012 for a fee notice.  The notice was signed by Grant Tabor.  However, Mr. Tabor did not check a box indicating that he is the creditor or the creditor's authorized agent.[1]

---

[1] The court notes that Tabor has made an appearance in this case as attorney for Claimant. (Docket No. 29).  Tabor also signed Claimant's proof of claim, and did not check a box indicating that he was the creditor, the creditor's authorized agent, the trustee, the debtor, or their authorized agent, or a guarantor, surety, indorser or other codebtor.

2

In the instant objection (which Debtors marked on the docket sheet as an objection to claim), Debtors assert that the $400 charge is not allowable because it was incurred more than 180 days before the notice was filed.  Debtors also assert that the creditor should be required to bear its own attorney fees for objecting to the plan.  Debtors also object to the $50 charge "because the nature of the expense is unclear."

On July 11, 2012, Debtors filed a certificate of service, reflecting that notice of the August 9, 2012 hearing on the instant objection was sent to, <u>inter</u> <u>alia</u>, the address given by Claimant in its proof of claim for notices.  There is no indication that notice was given to Tabor.  (Docket No. 61).

At the hearing on the instant objection, counsel for Debtors and for the Chapter 13 Trustee were present.  There was no appearance by Claimant.  Neither Debtors nor Trustee presented evidence.

<u>Conclusions of Law</u>

Bankruptcy Rule 3002.1 provides in pertinent part:

> (c) Notice of fees, expenses, and charges.  The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence.  The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

3

>	(d) Form and content.  A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form, and filed as a supplement to the holder's proof of claim. The notice is not subject to Rule 3001(f).
>
>	(e) Determination of fees, expenses, or charges.  On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

Rule 3002.1, Fed. R. Bankr. P.

Under Bankruptcy Local Rule 3007-1(d), a party objecting to a claim must serve, inter alia, the claimant's counsel.

In the instant case, Debtors did not serve Claimant's counsel.  Rule 3002.1(e) calls upon the court to make a determination of whether payment of a fee, expense, or charge is "required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments."  The court is unable to do so in the absence of evidence of the underlying agreement.  The court is unwilling to grant default relief in the instant case where counsel has appeared, and was not served.  The court concludes that the instant objection should be denied without prejudice.

Based on the foregoing, a separate Judgment will be entered denying the "Debtors' Objection to Mortgagee's Notice of

Post-petition Mortgage Fees, Expenses, and Charges Filed by the Bank of New York Mellon Trust Company, NA" (Docket No. 58), without prejudice.

        Signed at Houston, Texas on August 28, 2012.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE